**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4342**

———————————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

  v.

DERRICK A. THOMPSON,

  Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:21-cr-00019-EKD-3)

———————————

Submitted:  June 6, 2024                    Decided:  August 30, 2024

———————————

Before RICHARDSON and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF**: Aaron B. Houchens, AARON B. HOUCHENS, P.C., Salem, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, Michael A. Baudinet, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick A. Thompson appeals his conviction following a jury trial for conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371.  The objects of the conspiracy included knowingly selling and transporting black walnut trees taken in violation of the Lacey Act, 16 U.S.C. § 3372(a)(1); stealing and purloining goods and property of the United States of a value exceeding $1,000, to wit, black walnut trees, in violation of 18 U.S.C. § 641; and removing timber from public lands of the United States with the intent to export or dispose of the same, in violation of 18 U.S.C. § 1852.  On appeal, Thompson argues that the district court should have granted his Fed. R. Crim. P. 29 motion for judgment of acquittal because the evidence adduced at trial was insufficient to prove that an agreement existed between Thompson and his coconspirators or that Thompson knowingly and willingly entered into any such agreement.  He also suggests that the evidence failed to establish any overt act committed in furtherance of the conspiracy.  Accordingly, he maintains that his conviction should be reversed.  For the following reasons, we affirm.

"We review de novo a district court's denial of a Rule 29 motion." *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (cleaned up).  We "draw[] all reasonable inferences from the facts," viewing them "in the light most favorable to the prosecution," *United States v. Denton*, 944 F.3d 170, 179 (4th Cir. 2019) (internal quotation marks omitted), and "will uphold the verdict if . . . it is supported by substantial evidence," *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).  Substantial evidence "is evidence that a reasonable finder of fact could accept as adequate and

2

sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). The relevant "legal question [is] whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted). Accordingly, "[a] defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted).

To convict Thompson of a § 371 conspiracy, the Government was required to prove (1) an unlawful agreement to commit an offense by two or more persons; (2) willing and knowing participation by the defendant; and (3) "an overt act committed in furtherance of the conspiracy." *United States v. Vinson*, 852 F.3d 333, 352 (4th Cir. 2017). Importantly, "[b]y its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement. Hence, a conspiracy generally is proved by circumstantial evidence and the context in which the circumstantial evidence is adduced." *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (citations omitted). Such circumstantial evidence "may consist of a defendant's relationship with other members of the conspiracy, the length of this association, the defendant's attitude and conduct, and the nature of the conspiracy." *Id.* at 858 (cleaned up).

3

Here, the evidence taken as a whole and viewed in a light most favorable to the Government was sufficient to support the jury's conclusion that an unlawful agreement existed among Thompson and his coconspirators and that Thompson willingly and knowingly entered into this agreement. The Government also proffered adequate evidence of overt acts committed by both Thompson and his coconspirators that the jury could have reasonably concluded were committed in furtherance of the conspiracy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*